## No. 633
## HART v. CHENOWETH et al
Ohio Appeals, 9th Dist., Summit County
No. 930. Decided May 29, 1924

**329. COVENANTS—1.** A personal restrictive covenant which does not benefit grantor will not be enforced by injunction.

2. Restriction must be clear and unambiguous to be enforceable.

**639. INJUNCTIONS—**Injunction to enforce restrive building covenant refused when community conditions make enforcement unjust and benefit none.

FUNK, P. J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

This is an action to enjoin Chenoweth and others from violating a restrictive covenant in a deed executed by plaintiff to a predecessor in title to defendants. In 1912 plaintiff conveyed about 15 acres of land in Akron to Emmons, trustee, by deed, which contained a restriction that "no building was to be erected on said property by the grantee, his heirs or assigns, facing on Arlington Road, nearer the street line than the building built by Milo J. Breiner." Emmons platted the acreage into lots and sold the lots on Arlington Road to various persons, the deeds containing similar restrictions to those contained in the deed by plaintiff to Emmons.

The defendants began to build a store about 10 feet from the street, in violation of this restraint, whereupon this action was brought. The defendants claimed that the plaintiff was not entitled to the relief for three reasons: (1) Because the covenant was purely personal and did not concern the social or moral welfare of the community. (2) In that the restriction was too indefinite. (3) That the reason was unjust and unreasonable because of the changed condition of the community. The Common Pleas Court held for defendants, whereupon plaintiff prosecuted error. In sustaining the judgment of the lowed court, the Court of Appeals held:

1. Where there is a purely personal covenant with no words and forfeiture of right of re-entry, the enforcement of which will not benefit the original grantor and its violation will not injure him, and it is not a covenant involving the social or moral welfare of the community, and is a restriction involving only the location of a building, it is not a conveyance subject to such an interest reserved in the land conveyed as will entitle the covenantee to an injunction to prevent its violation.

2. If the wording of the covenant is at all ambiguous or indefinite, it will be construed most strongly against the grantor.

3. As the conditions in the locality have so greatly changed as to render the restriction unreasonable and unjust, and as its enforcement will serve no useful purpose, the Court of Equity will not enforce the covenant.

Attorneys—Cummins, Brouse, Englebeck & McDowell, for Hart; Doolittle & Foust, for Chenoweth et; all of Akron.

---

## No. 634
## GEORGE, Admr., v. GEORGE
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5044. Decided May 26, 1924

**419. DOWER—1.** Purchase money mortgage must be deducted before dower can be computed.

2. Dower based upon equitable interest and not on total value of property.

LEVINE, J.

### Epitomized Opinion
Published Only in Ohio Law Abstract

In 1913 Mrs. Estella George purchased some real estate in Cuyahoga county. In 1915 a mortgage on this property was executed for $8,500. August George, her husband, later died. His administrator sold the entire one-half interest for $9,875. The widow filed a motion to determine the amount of dower to which she was entitled out of the proceeds of the sale. She claimed that her dower interest should be computed on the entire proceeds. The administrator contended that it should be computed on only the residue after the paymen of the mortgage. The probate court sustained the contention of the administrator and held that the widow's dower was to be allowed out of the surplus remaining after the payment of the mortgage. The Common Pleas Court reversed this decision, whereupon error was prosecuted to the Court of Appeals. In sustaining the judgment of the lower court, the Court of Appeals held:

1. Where a purchase money mortgage is given at the time the property is bought, the widow's dower interest must be computed out of the surplus and not as of the entire proceeds of the sale to be satisfied out of said surplus.

2. The beneficial interest which a person has or possesses in real estate or other property determines the extent of one's estate, and the dower interest must be based upon that equitable interest and not upon the total value of the property.

Attorneys—Edwin E. Miller and Treadway & Marlatt, for George, Admr.; W. K. Gardner, for George; all of Cleveland.